discovered in the corn, he had acted with imprudence, and taken the hardship of an unequal bargain. But the mode he adopted to relieve himself, was as unjustifiable as it was dishonorable. The agreements of the 26th of August were but executory, and if he were overreached, as he now pretends, he was not without relief in this or in any other court. And even now, late as it is, as the claimant asks our interposition in his behalf, if the sum stipulated be in equity and good conscience, in sound and substantial justice, too much, the party shall not be without relief.

And this leads me to the argument in defence, that, upon the whole facts disclosed, the claimant has no merits, and is entitled to no damages, because he has received his vessel and all the cargo, which came to the possession of Mr. Walker. I do not, however, consider this defence on the merits to be fully supported. Ordinarily, after a capture by an enemy, a presumption of subtraction of a portion of the cargo might arise. But it is a presumption liable to be rebutted. And in the present case, there is strong evidence taken by Mr. Walker himself, that shows no more than 14 or 15 bags of corn were taken out by the enemy. The residue came into the possession of the recaptors, and there is not the slightest evidence to show, that a single bushel was embezzled by them. On the contrary, the proof is pretty direct, that the whole of the recaptured cargo came into the custody of Mr. Walker.

Undoubtedly, Mr. Walker is not responsible for more than came to his actual possession; nor for more than fair and reasonable diligence in the custody thereof. The deficiency is very considerable, even after a liberal allowance for that portion taken by the enemy. It is incredible, that Mr. Walker should agree to give $500 on account of the deficiency, unless he was sensible, that it was properly imputable to him. He had taken counsel on the subject of his rights, and had filed an allegation in the alternative, as a case of prize or of salvage. Under such circumstances, he agreed to discontinue the legal proceedings, to pay his own costs and expenses, and to pay the claimant $500. I am aware, that this sum was considered in the district court, as nomine poenae, a mere penalty to secure the performance of the principal agreement, as to the restoration of the property. I cannot yield to this construction of the words of the instrument, and it seems irreconcilable also with the actual intentions of the parties. It is also material, that no such construction is asserted by Mr. Walker in his affidavit; and Mr. Ladd asserts positively, that it was a sum to be paid him for damages. This assertion of Mr. Ladd is no where contradicted or denied: and this silence certainly authorizes me to say, that the sum was not a penalty. Under all these circumstances, I must conclude that Mr. Walker had withheld from the claimant the whole quantity of corn which was deficient. Nor do I think, that the terms of the discharges of the 28th of August invalidate this conclusion. They are very inartificially drawn, and acknowledge a receipt of $50 on each side in full of all demands. Either this sum is merely nominal, or the parties had materially varied in their respective claims. At all events, as the transactions of the 28th of August never acquired a legal validity, they offer no sufficient presumption to weaken the inferences from the preceding conduct of the parties. Had Mr. Walker behaved correctly, although he might not have been entitled strictly to salvage, yet the court would have been indulgent in allowing him a recompense for his services, in the preservation of the property. Embezzlement of property saved, is a forfeiture of the right of salvage. I would not apply so harsh an imputation to Mr. Walker; but he cannot expect after so much impropriety and disingenuousness, that this court should listen to any claim for a recompense in the nature of salvage. He must, therefore, be confined to the allowance of such expenses only, as were incurred in the actual landing of the cargo: and I shall allow a reasonable sum for these expenses, to be deducted from the damages, which he may be ordered to pay to the claimant.

I shall order a decree, that Mr. Ladd recover against Mr. Walker the value of the deficiency of the cargo, deducting the allowance aforesaid, and his costs in these proceedings. The actual damage sustained by Mr. Ladd, and no more, can be recovered. Probable profits can form no item in the account; and, as to other allowances claimed, it cannot be necessary for me to state my reasons for rejecting them. The value of the corn must be estimated at the market price at Harwich, at the time of landing.

On these principles and facts, the following account is adjusted:—

| | |
|---|---|
| Whole cargo on board. | 1051 bushels. |
| Deduct taken by the enemy, 15 bags, (say) 30 bushels. | |
| " missing and lost in measuring, &c. 13 1-2 | |
| " received by Mr. Ladd, 845 1-2 | |
| | 889 |
| Whole deficiency, | 162 |
| At $1.33 1-3 per bushel, is | $216 |
| Deduct for allowance for expenses of landing, | 21 |
| Balance allowed Mr. Ladd as damages, | $195.00 |
| Interest for 3 months, | 2.93 |
| Damages, | $197.93 |

DOVER STAMPING CO. (MONROE v.). See Case No. 9,714.

## Case No. 4,036.

### In re DOW.

[The case reported under above title in 6 N. B. R. 10, is the same as Case No. 2,955.]

DOW, In re. See Case No. 17,573.